*Stephen J. Hill*, Utah Bar No. 1493
*Jonathan R. Schofield*, Utah Bar No. 8274
*Kara M. Houck*, Utah Bar No. 8815
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Michael R. Carlston*, Utah Bar No. 0577
*Scott H. Martin,* Utah Bar No. 7750
*Maralyn M. English*, Utah Bar No. 8468
*D. Jason Hawkins*, Utah Bar No. 9182
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
Facsimile: (801) 363-0400

*Robert W. Jackson*, Cal. Bar No. 117228
(Admission pro hac pending)
*Brett R. Parkinson*, Utah Bar No. 10310
LAW OFFICES OF ROBERT W. JACKSON
205 West Alvarado Street
Fallbrook, California 92028
Telephone: (760) 723-1295
Facsimile: (760) 723-9561

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILLIP E. ALLRED, DUSTIN ALLRED, PRESTON ALLRED and CHANCE ALLRED dba ALLRED LAND & LIVESTOCK; RAY BRUNI JR., RAY BRUNI III and DEBBIE BRUNI; and JARED JENSEN,<br><br>Plaintiffs,<br>v.<br><br>PACIFICORP d/b/a ROCKY MOUNTAIN POWER COMPANY, an Oregon Corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Case No.: 2:15-cv-00095<br><br>Judge Robert J. Shelby |

4848-2287-3889

Plaintiffs Phillip E. Allred, Dustin Allred, Preston Allred and Chance Allred, collectively doing business as Allred Land and Livestock; Ray Bruni Jr., Ray Bruni III and Debbie Bruni; and Jared Jensen (each a "Plaintiff" and collectively "Plaintiffs") hereby complain against Defendant Pacificorp dba Rocky Mountain Power ("RMP" or "Defendant") and allege as follows:

## INTRODUCTION

1. On June 23, 2012, a devastating wildfire, known as the Wood Hollow Fire ("Wood Hollow Fire" or the "Fire"), ignited as a result of arcing between high voltage transmission lines built too close together, which were owned, operated and maintained by RMP. The Fire reportedly burned 47,387 acres, over 75 square miles, destroying everything in its path, including forests, woodlands, sage steppes, grasslands, pastures, springs, ponds, streams, homes and other structures, personal property, wildlife, livestock, and other animals, and causing flooding, erosion and destruction of roads, culverts, water systems and other infrastructure. The Fire caused such severe damage to the natural landscape that some areas will not recover for decades, if ever.

2. Plaintiffs are victims of the Wood Hollow Fire. They seek to recover damages to compensate them for the damage caused by the wrongful conduct of RMP, including but not limited to damage to and loss of use of their real and personal property; annoyance, inconvenience, and emotional distress; injury to livestock, pets and other animals; loss of income and profits; treble damages for loss and damage to trees and underwood; and other harm. Plaintiffs also seek punitive damages because RMP knew or should have known that its failure to

properly design, construct and maintain its high voltage transmission lines would, in a high degree of probability, result in substantial harm to another, and was highly unreasonable and an extreme departure from ordinary care in a situation where a high degree of danger was apparent.

## PARTIES

3. Plaintiffs Phillip E. Allred, Dustin Allred, Preston Allred and Chance Allred, collectively doing business as Allred Land & Livestock (the "Allreds"), are Utah residents and, at all times mentioned herein, were the lessees of property owned by L.L. Peterson Land Company, a Utah limited partnership, which is located in Sanpete County, Utah, and described in the Sanpete County records as parcels 20233, 20240, 20597 and 20603. The leased property was directly in the path of the Wood Hollow Fire and its aftermath, and the Allreds suffered damage as a result, including without limitation, the loss of over 40,000 feet of fence; loss of personal property; injury to and destruction of livestock; loss of use of the leased property; increased costs, loss of income and resulting loss of livestock business profits.

4. Plaintiffs Ray Bruni, Jr., Ray Bruni III, and Debbie Bruni (the "Brunis") are Utah residents and, at all times mentioned herein, were the owners of Lot 120 in the Oaker Hills subdivision, located in Sanpete County, Utah. The Brunis' property was directly in the path of the Wood Hollow Fire and its aftermath, and suffered damage as a result, including without limitation destruction of natural vegetation and landscaping, personal property, a house and other improvements.

5. Plaintiff Jared Jensen ("Jensen") is an Idaho resident and, at all times mentioned

3

herein, was the owner of Lot B-16 in the Indian Ridge subdivision, located in Sanpete County, Utah. Plaintiff Jensen's property was directly in the path of the Wood Hollow Fire and its aftermath, and suffered damage as a result, including without limitation destruction of natural vegetation and landscaping, personal property, a house and other improvements.

6. Defendant RMP is an Oregon corporation with its headquarters and principal place of business in Portland, Oregon.

7. RMP does business in Sanpete County, Utah, as an electrical corporation within the meaning of Utah Code Ann. § 54-2-1(7) and a public utility within the meaning of Utah Code Ann. § 54-2-1(16)(a).

8. RMP is in the business of selling, designing, planning, manufacturing, erecting, operating, engineering, inspecting, and maintaining electricity generating facilities, including transmission and delivery systems to members of the general public, including Plaintiffs named herein.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1332 because RMP resides in this judicial district, the events and omissions giving rise to this action occurred in this judicial district, and the property that is the subject matter of this action is located in this judicial district.

## GENERAL FACTUAL ALLEGATIONS

11. High-voltage electricity poses a high and well-known risk of causing fire unless the transmission and distribution lines and electrical equipment through which the high-voltage electricity flows are properly and carefully designed, constructed, inspected, operated, and maintained, and the areas near the lines are properly and carefully inspected and cleared of flammable growth and debris.

12. As an electrical distributor, RMP owed the public, including Plaintiffs, a high duty of care to persons and property due to the inherent danger of electricity.

13. RMP owns, operates, and maintains a 138-KV electrical-transmission line and a 345-KV electrical-transmission line (collectively the "Lines") that run through Sanpete County and intersect near the approximate GPS coordinates of N 39° 36.500' W 111° 35.100' (the "Incident Site"). At the Incident Site, the 345-KV transmission line is suspended above the 138-KV transmission line where it crosses directly over an electrical structure (numbered pole 182) that supports the 138-KV transmission line (the "Structure").

14. On June 23, 2012, the 138-KV transmission line and the 345-KV transmission line were both energized and there was minimal, if any, clearance (less than 4 feet) between the 345-KV line and the top of the Structure.

15. This minimal clearance violates safety standards established under applicable sections of the National Electric Safety Code and as well as RMP's own safety standards (the "Clearance Violation").

16. As a result of inspections performed by RMP employees and contractors, RMP knew of the Clearance Violation at the Incident Site for several years prior to June 23, 2012.

RMP also knew that the Clearance Violation created an unsafe condition that posed an imminent danger of harm to life and property.

17. As a result of the Clearance Violation, it is also likely that faults occurred on the Lines prior to June 23, 2012, and that RMP was aware of such faults.

18. Nonetheless, even though RMP knew of the Clearance Violation and the resulting unsafe condition long before the Fire, RMP chose not to bring the Lines into compliance with either industry or its own safety standards prior to the Fire.

19. On June 23, 2012, as a result of prevailing weather conditions that were reasonably expected in the area, the electrical power load on the Lines at the Incident Site, and RMP's failure to properly design, construct, operate and maintain the Lines and related components of the electrical facilities owned and operated by RMP at the Incident Site (the "Electrical Facilities"), the 345-KV line either came into contact with, or sufficiently close to, the Structure, that there was an arc between the 345-KV line and the Structure. This caused high-voltage electrical current to travel along guy wires and other components of the Electrical Facilities to the ground, igniting combustible materials and starting the Fire, which spread rapidly to adjacent lands throughout the Wood Hollow area, including Plaintiffs' properties.

20. The Fire burned over 75 square miles of real property, causing destruction of or damage to trees and other vegetation, livestock, wildlife, homes, personal property, cherished possessions, ponds, drainage courses, springs and groundwater; erosion, flooding and debris flows; injury and death; loss of income, profits and business opportunities; loss of use and

enjoyment; annoyance, inconvenience, discomfort and emotional distress; irreparable damage to the natural environment; and other harm.

## FIRST CAUSE OF ACTION
### (Negligence)

21. Plaintiffs reallege the foregoing allegations as though fully set forth herein.

22. RMP has, and had, a duty at all times to design, construct, operate, and maintain the Lines and Electrical Facilities in a safe manner, consistent with applicable codes, statutes, ordinances and industry standards.

23. RMP breached its duty and negligently and carelessly failed to design, construct, operate, and maintain the Lines and Electrical Facilities in a manner that would protect owners and occupiers of adjacent lands from damage due to wildfires.

24. As a direct and proximate result of RMP's breach of duty and negligence, the Allreds sustained, and will in the future sustain, extreme and substantial damage, including without limitation: (a) destruction of over 40,000 feet of fencing; (b) damage to personal property; (c) destruction of livestock; (d) the cost of locating and leasing substitute grazing land; (e) additional feed costs; (f) diminished animal weight; and (e) increased costs, loss of income and resulting loss of livestock business profits.

25. As a result of such damage, the Allreds are entitled to recover damages in an amount to be determined according to proof.

26. As a direct and proximate result of RMP's breach of duty and negligence, the Brunis and Jensen sustained, and will in the future sustain, including without limitation: (a)

4848-2287-3889

destruction of and damage to their real property, including structures, infrastructure and other improvements, natural vegetation and landscaping; (b) destruction of and damage to their personal property;  (c) loss of the use, benefit, and enjoyment of the real and personal property; and (d) annoyance, discomfort, inconvenience and emotional distress.

27.     As a result of such damage and injuries, the Brunis and Jensen are entitled to recover damages in an amount to be determined according to proof.

28.     As a further proximate result of the acts and omissions of RMP, wood, underwood and trees located on the Brunis' and Jensen's real property were damaged or destroyed.  In accordance with Utah Code Ann. § 78B-6-1002, the Brunis and Jensen are entitled to treble damages in an amount to be determined according to proof.

29.     RMP knew or should have known that its conduct would, to a high degree of probability, result in substantial harm to another, and was highly unreasonable and an extreme departure from ordinary care in a situation where a high degree of danger was apparent.  RMP therefore is liable to all Plaintiffs for punitive or exemplary damages in an amount to be determined according to proof.

### SECOND CAUSE OF ACTION
**(Negligence Per Se)**

30.     Plaintiffs reallege the foregoing allegations as though fully set forth herein.

31.     RMP has, and had, a duty to at all times design, construct, operate, and maintain the Lines and Electrical Facilities in compliance with Utah law and applicable regulations.

32.     RMP breached its duty and negligently failed to design, construct, operate, and

maintain the Lines and Electrical Facilities in compliance with Utah law and applicable regulations, causing the ignition of the Wood Hollow Fire.

33. Section 23 of the National Electric Safety Code, applicable to RMP's operations in Utah pursuant to Utah Administrative Code R746-310-4D, requires that electrical supply systems shall be of suitable design and construction for their intended use, with regard to the conditions under which they are to be supported, and shall be maintained in a condition which will enable the furnishing of safe, proper, and adequate service.

34. Utah Code Ann. § 65A-3-4 imposes liability upon any person or entity who negligently, recklessly or intentionally causes or spreads a wildland fire and provides for the costs of suppressing that wildland fire in addition to all other legal remedies including monetary damages.

35. By the acts and omissions alleged in this Complaint, RMP was negligent and violated Section 23 of the National Electric Safety Code, Utah Administrative Code R746-310-4D, and Utah Code Ann. § 65A-3-4, thereby making RMP liable under for all harm caused by these acts and omissions.

36. As a direct and proximate result of RMP's breach of duty and negligence, the Allreds sustained, and will in the future sustain, extreme and substantial damage, including without limitation: (a) destruction of over 40,000 feet of fencing; (b) damage to personal property; (c) destruction of livestock; (d) the cost of locating and leasing substitute grazing land; (e) additional feed costs; (f) diminished animal weight; and (e) increased costs, loss of income and resulting loss of livestock business profits.

37. As a result of such damage, the Allreds are entitled to recover damages in an amount to be determined according to proof.

38. As a direct and proximate result of RMP's breach of duty and negligence, the Brunis and Jensen sustained, and will in the future sustain, extreme and substantial damage and injuries, including without limitation: (a) destruction of and damage to their real property, including structures, infrastructure and other improvements, natural vegetation and landscaping; (b) destruction of and damage to their personal property; (c) loss of the use, benefit, and enjoyment of the real and personal property; and (d) annoyance, discomfort, inconvenience and emotional distress.

39. As a result of such damage and injuries, the Brunis and Jensen are entitled to recover damages in an amount to be determined according to proof.

40. As a further proximate result of the acts and omissions of RMP, wood, underwood and trees located on the Brunis' and Jensen's real property were damaged or destroyed. In accordance with Utah Code Ann. § 78B-6-1002, the Brunis and Jensen are entitled to treble damages in an amount to be determined according to proof.

41. RMP knew or should have known that its conduct would, to a high degree of probability, result in substantial harm to another, and was highly unreasonable and an extreme departure from ordinary care in a situation where a high degree of danger was apparent. RMP therefore is liable to all Plaintiffs for punitive or exemplary damages in an amount to be determined according to proof.

4848-2287-3889

### THIRD CAUSE OF ACTION
### (Trespass)

42. Plaintiffs reallege the foregoing allegations as though fully set forth herein.

43. At all times material, Plaintiffs were the possessors of real property in Sanpete County.

44. As a legal result of RMP's negligence, the Wood Hollow Fire physically invaded and damaged Plaintiffs' property, and RMP thereby committed trespass.

45. As a direct and proximate result of RMP's trespass, Allred sustained, and will in the future sustain, extreme and substantial damage, including without limitation: (a) destruction of over 40,000 feet of fencing; (b) damage to personal property; (c) destruction of livestock; (d) the cost of locating and leasing substitute grazing land; (e) additional feed costs; (f) diminished animal weight; and (e) increased costs, loss of income and resulting loss of livestock business profits.

46. As a result of such damage, the Allreds are entitled to recover damages in an amount to be determined according to proof.

47. As a direct and proximate result of RMP's trespass, the Brunis and Jensen sustained, and will in the future sustain, extreme and substantial damage and injuries, including without limitation: (a) destruction of and damage to their real property, including structures, infrastructure and other improvements, natural vegetation and landscaping; (b) destruction of and damage to their personal property; (c) loss of the use, benefit, and enjoyment of the real and personal property; and (d) annoyance, discomfort, inconvenience and emotional distress.

48. As a result of such damage, the Brunis and Jensen are entitled to recover damages in an amount to be determined according to proof.

49. As a further proximate result of the acts and omissions of RMP, wood, underwood and trees located on the Brunis' and Jensen's real property were damaged or destroyed. In accordance with Utah Code Ann. § 78B-6-1002, the Brunis and Jensen are entitled to treble damages in an amount to be determined according to proof.

50. RMP knew or should have known that its conduct would, in a high degree of probability, result in substantial harm to another, and was highly unreasonable and an extreme departure from ordinary care in a situation where a high degree of danger was apparent. RMP therefore is liable to all Plaintiffs for punitive or exemplary damages in an amount to be determined according to proof.

### **FOURTH CAUSE OF ACTION**
**(Nuisance)**

51. Plaintiffs reallege the foregoing allegations as though y set forth herein.

52. RMP's conduct regarding design, construction, operation, and maintenance of the Electrical Facilities resulting in the Wood Hollow Fire caused and created, and continues to cause and create, conditions of a private nuisance as described in Utah Code Ann. § 78B-6-1101 et seq.

53. RMP has failed to abate the nuisance created by its conduct and has failed and neglected to abate and remediate the damage to water sources and soil, implement appropriate erosion control, provide for soil conservation, and implement water source clean-up and slope stability required to the areas and land decimated by the Fire.

54. As a direct and proximate result of RMP's creation and failure to abate the nuisance described above, Plaintiffs, in addition to the damage and injuries described above, have incurred damage for the cost of attorneys, consultants, and experts to evaluate the cause of the damages; develop and monitor the remedial work required to abate the nuisance conditions; and otherwise prosecute and/or defend legal proceedings to preserve and protect Plaintiffs' rights and interests.

55. As a result of such damage and injuries described in the foregoing paragraph and in the foregoing causes of action, Plaintiffs are entitled to recover damages in an amount to be determined according to proof.

56. As a further proximate result of the acts and omissions of RMP, wood, underwood and trees located on the real property of the Brunis and Jensen were damaged or destroyed. In accordance with Utah Code Ann. § 78B-6-1002, the Brunis and Jensen are entitled to treble damages in an amount to be determined according to proof.

57. RMP's acts and failures to act in creating and failing to abate a nuisance resulted in a fire hazard and foreseeable obstruction to Plaintiffs' use and enjoyment of their property, thereby causing unreasonable harm and substantial actual damages. RMP knew or should have known that its conduct would, to a high degree of probability, result in substantial harm to another, and was highly unreasonable and an extreme departure from ordinary care in a situation where a high degree of danger was apparent. RMP therefore is liable to all Plaintiffs for punitive or exemplary damages in an amount to be determined according to proof.

4848-2287-3889

## FIFTH CAUSE OF ACTION
### (Violation of Utah Code Ann. § 78B-6-1002)

58. The Brunis and Jensen and reallege each and every allegation made above, fully incorporating those allegations as though full set forth herein.

59. At all times material, the Brunis and Jensen possessed real property in Sanpete County.

60. As a result of RMP's acts and omissions, the Wood Hollow Fire physically invaded and damaged the wood, underwood and trees located on the Brunis' and Jensen's real property.

61. RMP had no authority to remove, cut down, carry off or damage the wood, underwood and trees located on the Brunis' and Jensen's real property.

62. As a direct and proximate result of the acts and omissions of RMP, wood, underwood and trees located on the Brunis' and Jensen's real property were damaged or destroyed.

63. As a result of such damage to trees and underwood, in accordance with Utah Code Ann. § 78B-6-1002, the Brunis and Jensen are entitled to treble damages in an amount to be determined according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against RMP as follows:

1. For general damages, as to be proven at trial;

2. For special damages, including but not limited to, costs of repair, replacement, and restoration; loss of market value; diminution in value; loss of use; loss of investment; loss of income; loss of business opportunity; loss of business profits; and out-of-pocket expenses, as proven at trial;

3. For punitive or exemplary damages as to be proven at trial;

4. For treble damages to the Brunis and Jensen pursuant to Utah Code Ann. § 78B-6-1002 as to be proven at trial.

5. For attorneys' fees and costs of suit incurred herein;

6. For pre-judgment and post-judgment interest;

7. For any and all other legal remedies, as provided in Utah Code Ann. § 65-3-4; and

8. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a jury trial on all issues that may be so tried.

DATED this 10th day of February, 2015.

                              PARR BROWN GEE & LOVELESS, P.C.

                              /s/ Stephen J. Hill
                              Stephen J. Hill
                              Jonathan R. Schofield
                              Kara M. Houck

                              LAW OFFICES OF ROBERT W. JACKSON, APC
                              Robert W. Jackson
                              Brett R. Parkinson

                              SNOW, CHRISTENSEN & MARTINEAU
                              Michael R. Carlston
                              Scott H. Martin
                              Maralyn M. English
                              D. Jason Hawkins

                              *Attorneys for Plaintiffs*

4848-2287-3889