IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PHILLIP E. ALLRED, et al.,, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFICORP, d/b/a ROCKY MOUNTAIN POWER COMPANY, an Oregon Company <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING RUSSELL A. CLINE'S OBJECTION** <br><br> Case No. 2:15-CV-00095 DN <br><br> District Judge David Nuffer <br> Magistrate Judge: Evelyn Furse |

Attorney Russell A. Cline ("Mr. Cline") objected[1] to Magistrate Judge Furse's order[2] denying his motion[3] for partial reconsideration of her order[4] disqualifying him as counsel. Upon review of the record, Mr. Cline's objection is overruled.

## BACKGROUND

Magistrate Judge Furse disqualified Mr. Cline after finding he had committed numerous ethical violations in the course of his representation. Mr. Cline filed a motion for partial reconsideration of Judge Furse's order and presented three arguments for his reinstatement as plaintiffs' counsel: 1) to prevent claims from languishing or being lost; 2) his proposed course of action would correct the ethical violations identified in Judge Furse's order; and 3) to reinstate the original intent of the plaintiffs who have not obtained new counsel or appeared pro se following his disqualification. Judge Furse issued an order denying Mr. Cline's motion to

---

[1] Rule 72 Objection to Order (Objection), docket no. 144, filed Jan. 8, 2016.

[2] Order Denying Motion for Partial Reconsideration of Oct. 19, 2015 Order (Order), docket no. 134, issued Dec. 28, 2015.

[3] Motion for Partial Reconsideration of Oct. 19, 2015 Order (Motion) at 1-3, docket no. 115, filed Nov. 19, 2015.

[4] Order Granting Motion to Disqualify Counsel (Disqualification Order), docket no. 106, issued Oct. 18, 2015.

reconsider on the grounds that reinstating him would nullify the disqualification order and that no legal basis existed for granting the motion. Mr. Cline's Objection related to that order.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The magistrate judge's decision must be affirmed unless "on the entire evidence [one] is left with the definite and firm conviction that a mistake has been committed."[5] Whether an attorney should be disqualified following a violation of the ethical rules is a determination left to the discretion of the court.[6]

## ANALYSIS

### I.   DENIAL OF MOTION FOR PARTIAL RECONSIDERATION WAS NOT CLEARLY ERRONEOUS

In the Disqualification Order, Judge Furse found that Mr. Cline filed a lawsuit on behalf of the plaintiffs prior to speaking with them and without their knowledge or consent.[7] Mr. Cline filed his motion for partial reconsideration seeking to be reinstated as the plaintiffs' attorney unless the plaintiffs expressly indicated they did not want him to represent them. After careful evaluation, Judge Furse denied the motion because the solutions Mr. Cline proposed only perpetuated the original issue surrounding his prior representation: the absence of any clear indication that any of the plaintiffs wanted Mr. Cline to represent them in this litigation.[8] Mr. Cline points to the original engagement letter and asserts the plaintiffs agreed to his

---

[5] *Flying J v. TA Operating Corp.*, No. 1:06cv00030TC, 2008 WL 2019157, at *1 (D. Utah May 7, 2008) (citing Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)).

[6] *Weeks v. Indep. Sch. Dist. No. 1-89 of Okla. Cty, Okla., Bd. of Educ.*, 230 F.3d. 1201, 1211 (10th Cir. 2000).

[7] Disqualification Order at 13.

[8] Order at 2.

representation. But Judge Furse found this letter to be misleading and not a clear indication that the plaintiffs ever desired Mr. Cline's representation.[9]

Mr. Cline contends that an injustice will occur if he is not reinstated as the plaintiffs' attorney because many of the plaintiffs may lose their opportunity to bring a claim due to the statute of limitations.[10] Judge Furse rejected this argument on the grounds that Mr. Cline had already informed the plaintiffs that he was no longer representing them and that if they did not retain another attorney or appear pro se, they could lose the opportunity to bring their claims.[11] Consequently, each of the plaintiffs had notice of these potential issues. If they desired to further litigate their cases, they were free to do so either by retaining another attorney or appearing pro se. They were also free not to pursue their claims if they so desired. Preserving the claims is the plaintiffs' responsibility, not Mr. Cline's, who no longer represents them. Therefore, the denial of Mr. Cline's motion was not clearly erroneous.

## II. DENIAL OF MOTION WAS NOT CONTRARY TO LAW

Mr. Cline has failed to present any legal basis for overruling the order. To grant a motion to reconsider there must be a showing of: "1) an intervening change in the controlling law, 2) the availability of new evidence, [or] 3) the need to correct clear error or prevent manifest injustice."[12] Judge Furse correctly applied this standard and held that none of these grounds applied to Mr. Cline's motion.[13]

---

[9] Disqualification Order at 9–14.

[10] Objection at 9.

[11] Order at 3.

[12] *Id.* at 2–3 (citing *Brunmark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[13] *Id.* at 3.

The only argument Mr. Cline points to is the principle that a party "has an interest in being able to retain counsel of its choice."[14] Although this principle is generally true, it is not absolute. When counsel of choice commits an ethical violation, the trial court may exercise its discretion in deciding whether to disqualify the attorney.[15] Judge Furse found Mr. Cline had committed numerous ethical violations, and determined disqualification was the appropriate course of action. She was well within her discretion to do so. Therefore, Judge Furse's order was not contrary to law.

## ORDER

Mr. Cline's Objection[16] is OVERRULED and Magistrate Judge Furse's order is AFIRMED.

Signed February 24, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[14] Objection at 10.

[15] *Weeks*, 230 F.3d. at 1211.

[16] Docket no. 144.