IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PHILLIP ALLRED, et al.,<br><br>  Plaintiffs,<br>v.<br><br>PACIFICORP, dba ROCKY MOUNTAIN POWER COMPANY, an Oregon Company,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [224] MOTION TO DISMISS (REMAINING BROWN PLAINTIFFS)**<br><br>Case No. 2:15-cv-00095 DN<br><br>District Judge David Nuffer |

Defendant Pacificorp d/b/a Rocky Mountain Power Company filed a motion to dismiss a group of named plaintiffs ("Motion to Dismiss").[1] On April 24, 2018, the Motion to Dismiss was taken under advisement and the affected plaintiffs, and any other concerned party, were afforded 28 days to respond to the Motion to Dismiss.[2]

The plaintiffs at issue (referred to as the "*Brown* Plaintiffs") were previously represented by Mr. Russell Cline. On October 19, 2015, Mr. Cline was disqualified from the lawsuit.[3] The litigation was stayed for twenty-one (21) days and the *Brown* Plaintiffs were ordered to enter an appearance *pro se* or appoint counsel to represent them.[4] Mr. Cline was also ordered to

---

[1] Motion to Dismiss (Remaining Brown Plaintiffs), docket no. 224, filed April 23, 2018.

[2] Order Taking Under Advisement [224] Motion to Dismiss Remaining Brown Plaintiffs, docket no. 225, entered April 24, 2018.

[3] Order Granting Motion to Disqualify Counsel, docket no. 106, entered October 19, 2015.

[4] *Id*.

personally send the *Brown* Plaintiffs notice of the court's order.[5] On November 5, 2015, Mr. Cline did so.[6] Two of the *Brown* Plaintiffs complied with the court's order and appeared in the case.[7] Other *Brown* Plaintiffs negotiated directly with Defendant to settle their claims.[8] However, almost two and a half years have passed and the remaining *Brown* Plaintiffs have not appeared or appointed counsel in the case. The remaining *Brown* Plaintiffs were served with a copy of the Motion to Dismiss.[9] Mr. Cline filed a response to the Motion to Dismiss.[10] D.W. Crosby, a non-party, also lodged an objection to the Motion to Dismiss.[11] Defendant replied.[12] None of the remaining *Brown* Plaintiffs have filed a response, or otherwise responded to the Motion to Dismiss.

After reviewing the filings and relevant authority, the Motion to Dismiss[13] is GRANTED for the reasons set forth below.

---

[5] Order Denying Motion to Stay and Ordering Russell A. Cline to Submit Proof of His Notification of Clients of the Disqualification, docket no. 110, entered November 3, 2015.

[6] Notice of Certificate of Mailing, docket no. 111, filed November 6, 2015.

[7] Motion to Dismiss ¶ 7, at 4. *See also* docket no. 117, docket no. 118, docket no. 192, and docket no. 208.

[8] Motion to Dismiss ¶ 7, at 4.

[9] Motion to Dismiss at 4, n.2.

[10] Response by Russell A. Cline to Motion to Dismiss Remaining Brown Plaintiffs [Doc. No. 224], docket no. 234, filed May 16, 2018.

[11] Docket no. 236, filed May 23, 2018. Mr. Crosby identifies himself as a "concerned individual . . . acquainted with many of the parties" and objects to the Motion to Dismiss "on the grounds of fairness and equity." *Id*. Mr. Crosby is not an attorney and is not representing any named plaintiffs in this action. Moreover, Mr. Crosby does not provide any factual or legal support for his objection. Docket no. 236. Accordingly, his objection is not persuasive and does not raise any issues warranting attention.

[12] Reply Memorandum in Support of Motion to Dismiss (Remaining Brown Plaintiffs), docket no. 238, filed May 30, 2018.

[13] Docket no. 224.

## DISCUSSION

An action may be dismissed, with or without prejudice,[14] "[i]f the plaintiff fails to prosecute or to comply with these [procedural] rules or a court order."[15] The power to invoke this sanction is inherent in the court and "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."[16] "Dismissal for failure to prosecute should be imposed only after careful exercise of judicial discretion. Nonetheless, dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."[17] The following five factors should be considered when determining whether to dismiss a plaintiff's claims:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be a sanction for noncompliance; and (5) the efficacy of lesser sanctions.[18]

Each of these factors weigh in favor of dismissal.

First, the remaining *Brown* Plaintiffs' behavior has caused actual prejudice to Defendant. Defendant has a legitimate interest in bringing this matter to closure within a reasonable time.[19] The remaining *Brown* Plaintiffs' failure to appear and pursue their claims has caused unnecessary delay and costs upon Defendant.

---

[14] *Davis v. Miller,* 571 F.3d 1058, 1060 (10th Cir. 2009) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007)).

[15] Fed. R. Civ. P. 41(b).

[16] *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).

[17] *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (internal citations omitted).

[18] *Davis*, 571 F.3d at 1061 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

[19] *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007).

The second factor is also met. Through their untimeliness and failure to respond to the court's order, the remaining *Brown* Plaintiffs have disregarded the court's authority and the need for a just, speedy and inexpensive determination of this action. Their inaction impedes the court's ability to manage its docket and administer orderly justice.[20]

Third, the remaining *Brown* Plaintiffs' culpability is uncontroverted. For over two years, they have taken no action to prosecute their case. They alone are responsible for their failure to appear and disobedience of the court's order.[21]

Fourth, the remaining *Brown* Plaintiffs were warned in the court's order disqualifying Mr. Cline that "[f]ailure to enter an appearance pro se or of an attorney to file a notice of appearance . . . could result in dismissal of that Plaintiff's case."[22] Mr. Cline's November 2015 notice to the Brown Plaintiffs reiterated the warning:

> Mr. Cline no longer represents you in this case. ***You have until Friday, November 20, 2015, to obtain a new attorney or attorneys to represent you in this case or to file a notice that you intend to appear pro se (without an attorney). Failure to enter an appearance pro se or have an attorney file a notice of appearance on your behalf could result in dismissal of your case.*** A copy of the current scheduling order for this case is attached to this notice and contains deadlines relevant to your case. The Court has stayed the case until November 20, 2015.[23]

Although Mr. Cline no longer represents the remaining *Brown* Plaintiffs, he nonetheless asserts that the remaining *Brown* Plaintiffs were not provided sufficient notice that their claims

---

[20] *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)).

[21] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[22] Docket no. 106.

[23] Docket no. 110 at 2 (emphasis added).

4

may be dismissed.[24] However, "'constructive notice—that is, notice (1) without an express warning and (2) objectively based upon the totality of the circumstances (most importantly, the trial court's actions or words)' is sufficient."[25] The remaining *Brown* Plaintiffs have been sufficiently warned in advance that dismissal of their claims would be a likely sanction for failure to appear or appoint counsel. In addition to the notices sent by the court and Mr. Cline, the remaining *Brown* also received a copy of the Motion to Dismiss that provided further warning.

Finally, dismissal is in the interest of justice. Plaintiffs have an obligation to prosecute their claims and to keep in touch with progress of the case.[26] Here, the remaining *Brown* Plaintiffs have failed to take even the most preliminary steps of prosecuting this case. Despite having ample time to do so, the remaining *Brown* Plaintiffs have not appeared or otherwise responded to contest dismissal of their claims. No appropriate lesser sanctions have been proposed by any party or non-party and none appear effective. In light of the circumstances, dismissal is an appropriate sanction.

---

[24] Docket no. 238. Aside from notice, Mr. Cline does not address any of the other relevant factors. Instead, Mr. Cline argues that while the appeal of his disqualification is pending, the remaining *Brown* Plaintiffs' claims should not be dismissed. The status of Mr. Cline's appeal is irrelevant to the court's analysis. The court declined to stay Mr. Cline's disqualification pending his appeal. Docket no. 110. The remaining *Brown* Plaintiffs have been free to enter their own appearance or to obtain other counsel.

[25] *Rogers,* 502 F.3d at 1152.

[26] *Id.*; *see also* 88 C.J.S. Trial § 39 ("A litigant has the responsibility for keeping track of his or her case and knowing its status; therefore, a trial court owes no duty to notify a party of the setting of a case.")

# ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss[27] is GRANTED. All claims asserted by the following Plaintiffs are DISMISSED WITH PREJUDICE:

1. Gordon Beh
2. Jaclyn Wall
3. David Hughes
4. Will Camellot
5. Danielle Hansen
6. Janet Huggins
7. Feuur Kapp
8. Everett Miller
9. Kyle Miller
10. Deborah Nelson
11. Afualo Valeen
12. Karen Carlyle
13. Wayne Guss
14. Dale Tucker
15. Mary Maughan
16. Monty Reber
17. Matthew Reber
18. Gary Rasmussen
19. Scott Shumway
20. Ann Elwood
21. Sarah Moyes
22. Lee Geller
23. Lionel Berry
24. Valerie Johnson
25. Larry Johnson
26. Martina Conner
27. Patrick McClellan
28. Anne Garcia
29. Intermountain Copy & Draft
30. Mac Loveridge
31. W. Mary R. Hanley
32. Linda A.W. Monosson
33. Michael Rory Mumms
34. Bank of Utah, Cust. for Paul K Smith
35. Taunya Brewer
36. Richard Carlyle
37. Mary Ann Cockrell
38. Mary L. Cook
39. James Gilson
40. Sandy Gunther
41. Wendy Guss
42. Kathleen G. Hilton
43. Rebecca D. Reynold
44. Jami F. Hughes
45. Danielle Simpson
46. Cynthia Plymale
47. Josephine Tuckfield
48. Lisa K. Phan
49. Julie Ann Tucker
50. Brande Reber
51. Rose Community Foundation
52. Jennifer Swensen
53. Chad Christensen
54. Tina Christensen
55. 4 Bugs, LLC
56. Diane Gunter
57. Richard Turner
58. Shad Pyper
59. Glen Moore
60. Kenneth Hansen
61. Gloria Thacker
62. Michael Munns [originally named as "Mumms"]
63. Paul Christensen
64. Angela Burt
65. Oliver Burt
66. Marnell Andrus

---

[27] Docket no. 224.

6

IT IS FURTHER ORDERED that the only Plaintiffs remaining in the case are:

1. Gerald Hunsacker (Hunsaker)
2. Covington Capital
3. B.F. (Bill) Baker
4. Phyllis Baker

Signed June 25, 2018.

BY THE COURT

_____
David Nuffer
United States District Judge